IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| RONALD SATISH EMRIT, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 3:24-cv-00158 |
| SEAN "P. DIDDY" COMBS, *et al.*, | ) ) | Judge Trauger Magistrate Judge Frensley |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

On February 9, 2024, pro se Plaintiff Ronald Satish Emrit filed a complaint against Sean "P. Diddy" Combs, Bad Boy Entertainment, and Atlantic Records. (Doc. No. 1). There are several matters before the court at this time.

**I. Filing Fee**

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis. (Doc. No. 2). The application sufficiently demonstrates he cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). The application (Doc. No. 2) is therefore **GRANTED**. 28 U.S.C. § 1915(a).

**II. Notice of Appeal**

On March 8, 2024, Plaintiff filed a Notice of Appeal. (Doc. No. 5). Plaintiff states that he wishes to "have the present case at bar sent to the First Circuit Court of Appeals in Boston, MA." (*Id*. at 1). There are at least two problems with Plaintiff's Notice of Appeal.

First, Plaintiff cannot use a Notice of Appeal to choose the appellate court in which he desires to litigate. Appeals from cases in the Middle District of Tennessee are considered by the

United States Court of Appeals for the Sixth Circuit. And with some exceptions, only final orders[1] or judgments from the district court may be appealed. 28 U.S.C. § 1291. This kind of appeal is called an appeal "as of right." Just as the Federal Rules of Civil Procedure set forth the procedures for litigating a lawsuit in this court, the Federal Rules of Appellate Procedure set forth the procedures for litigating an appeal in the Sixth Circuit. *See* Federal Rules of Appellate Procedure Rules 3-6.

Two, because there has been no final order entered in this case (indeed, there have been no prior orders at all), the review sought by Plaintiff would be an interlocutory appeal. Plaintiff has not, however, filed a motion for permission to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides in pertinent part as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

*Id*. A question of law is controlling if it could materially affect the outcome of the case. *See Winnett v. Caterpillar, Inc.*, No. 3:06-cv-00235, 2007 WL 2123905, at *4 (M.D. Tenn. July 20, 2007). A substantial ground for a difference of opinion exists when "'(1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue.'" *Id*. (quoting *Gaylord Entm't Co. v. Gilmore Entm't Grp.*, 187 F. Supp.2d 926, 956 (M.D. Tenn. 2001)). An interlocutory appeal materially advances the ultimate termination of the litigation when it "'save[s] judicial resources and litigant expense.'" *Id*. at 6

---

[1] A final order is one that disposes of all issues in dispute as to all parties. It "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).

2

(quoting *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp.2d 1015, 1026 (W.D. Tenn. 2000)).

Interlocutory appeals in the federal system are disfavored. *See Sinclar v. Schriber*, 834 F.2d 103, 105 (6th Cir. 1987). With certain very limited exceptions, appeals from district courts are restricted to the final judgments of such courts. *Id*. at 104. Exceptions to the rule require extraordinary circumstances. *See W. Tenn. Chapter of Assoc. Builders & Contractors, Inc.*, 293 F.3d at 350 (noting "review under § 1292(b) is granted sparingly and only in exceptional cases."). Interlocutory appeals may be appropriate in protracted and expensive cases "'where a failure to resolve a question of law early in the case could lead to the placement of an enormous burden on the parties.'" *Winnett*, 2007 WL 2123905, at *3 (quoting *In Re James River Coal Co.*, No. 305-00294A, 2006 WL 3761965, at *3 (M.D. Tenn. Dec. 20, 2006)). The party seeking an interlocutory appeal has the burden of showing that exceptional circumstances exist warranting an interlocutory appeal. *Trollinger v. Tyson Foods, Inc.*, No. 4:02-CV-23, 2006 WL 2868980, at *2 (E.D. Tenn. Sept. 29, 2006) (citations omitted).

In short, an appeal of any kind is not appropriate at this phase of the litigation. Therefore, the court **DECLINES** to certify this matter for interlocutory appeal under 28 U.S.C. § 1292(b).

## III. Venue

As a threshold matter, the court must address whether venue is proper in this court. Venue is governed by 28 U.S.C. § 1391, which provides that "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Nothing in the complaint indicates that Plaintiff's claims may be brought within the Middle District of Tennessee under general venue statutes. Plaintiff, a Florida resident,[2] brings claims against individuals or entities whose residence(s) is/are not provided in the complaint.[3] The complaint contains no allegation that any party has a presence in, or connection to, the Middle District of Tennessee or is subject to the court's personal jurisdiction. Neither does Plaintiff allege that any events relevant to his claims occurred in this district. *Id*. Venue in this district is therefore improper.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Atl. Marine Const. Co.*, 571 U.S. at 56 (explaining that if "venue is improper, and the case must be dismissed or transferred under § 1406(a)"). Accordingly, in the interest of fairness and in accordance with Section 1406(a), the Clerk shall **TRANSFER** this action to the United States District Court for the Middle District of Florida, *see* 28 U.S.C. § 89(b), the district of Plaintiff's county of residence.

---

[2] Plaintiff states in his complaint that he is "an unemployed resident of the state[s] of Florida and Maryland (the plaintiff spends half of the year in Florida and the other half in Maryland . . . .)." (Doc. No. 1 at 2). He provided a Florida mailing address to the court. (*Id*.)

[3] Plaintiff alleges that the "United States Court for the District of Eastern Pennsylvania has jurisdiction over this matter." (Doc. No. 1 at 3). However, the complaint contains no allegations pertaining to Plaintiff's or to any Defendant's conduct or business presence in Pennsylvania.

Out of an abundance of caution, the Clerk is **DIRECTED** to mail a copy of this Order to the Sixth Circuit Court of Appeals.[4]

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

[4] To the court's knowledge, no appellate case number has been assigned to Mr. Emrit based on his current Notice of Appeal.

5

Case 3:24-cv-00158    Document 6    Filed 05/03/24    Page 5 of 5 PageID #: 31